We're happy to hear argument in our first case, United States v. Gonzalez. Mr. Brett? Good morning. Good morning. May it please the court, Jeff Brandt for Isabel Gonzalez. Mr. Gonzalez raised a claim in his 2255, among others, that his attorney was ineffective for failing to consult with him about appealing. The district court eventually held an evidentiary hearing with counsel and denied relief. The parties agree that the district court did not address whether trial counsel consulted with Mr. Gonzalez about filing a notice of appeal. And your claim isn't a denial, a refusal to file a notice of appeal, but a failure to consult? Correct, Your Honor. I don't think the facts support an argument that Mr. Gonzalez directly told trial counsel, go file a notice of appeal. But the judge said he didn't think he had any obligation to consult with him. That's what I understand as well, Judge King. You weren't there. You just got into this thing on appeal? That's correct, Your Honor. But you know that's no excuse. Absolutely. I know you didn't. Yes, Your Honors. I do think the record shows the district court believed that trial counsel had no duty to consult with Mr. Gonzalez. And the Supreme Court says you do. And I think the Supreme Court says you do about appealing despite the existence of an appeal waiver. So I think on that issue it's a combination of Flores-Ortega, this court's decision in Frazier, and others like Poindexter. Are you saying that's just an error of law and we ought to send it back and have that complied with? As I mentioned I think early in the reply brief, Mr. Gonzalez very frankly would hope that the court sees that the record's clear, says, okay, on these facts that's an effective assistance of counsel, the three factors that need to be met. But frankly that might not be the case. If we have a district court not reaching the question of whether the attorney consulted at all, that might be the correct remedy is to send it back and we'd ask for hopefully a... Well, then it has to be the remedy, doesn't it? Because we need some findings on that one way or the other. A finding, yes, Your Honor. I do know... What would you have us do then? You don't want us to... Very tentatively ask for... You don't want us to affirm? No, he wants us to read it. Of course not affirm. But the first, I note from this court's decision in Bostick, if there's enough evidence despite the failure to rule below... To rule on the merits of that claim. If there's enough evidence to say, and I'm being very frank, that's what Mr. Gonzalez would hope. If the court sees there's... What's your alternative argument? Send it back for findings on whether the consulting occurred and whether it was adequate. Can you outline for me what you believe the Supreme Court says about consulting? If you, number one, if a rational, reasonable defendant under this circumstance would want to appeal, you better consult. Number two, if there's reasonable grounds...  I don't know that Flores-Ortega says that. Well, that's what we got here. I know, and that's what makes this one interesting for this court, because it is a combination of Flores-Ortega and this court's decisions about... You still have that duty despite the existence of a notice of appeal. So I'd love to say it's in Flores-Ortega. I don't find it... Well, the Supreme Court said you had the duty despite the notice of appeal. It just said that your burden was more difficult if there had been a waiver of a right to appeal. It's a factor there. Doesn't the Supreme Court discuss that? Yes, but I'm hoping that this court still feels that its case law is stronger on that issue. It's not just a factor. It's that the existence of the waiver doesn't necessarily somehow mean that that duty doesn't exist, and that seems to be... Well, the Supreme Court didn't say the duty didn't exist. Absolutely not. It just said it was a factor. Yes. So I don't understand. I would think you'd be happy with it, because there was a recognition by the Supreme Court that even if there was a waiver of the right to appeal, there was still some sort of duty to consult. And it seems to me that the district court hadn't understood, which was a novel theory when Flores-Ortega came out. I'm thrilled with Flores-Ortega, Judge Motz. I just like this court's case law better. I like the language of this court. But our case law has to be consistent with the Supreme Court. Yes, Your Honor. It's almost that, I guess, how I imagine it, and I imagine crazy things, I admit, is that there's kind of a little bit of a gap in Flores-Ortega that doesn't say, hey, listen, you can't just point to an appeal waiver to somehow shut it down. It's a factor to be considered, and fortunately in that case it did not get in the way, whereas the case law of this court says, look, you still have that duty no matter what. It seems to me they say the same thing. I'm not getting, and I think that you're kind of hurting your case by saying, because if Flores-Ortega is more restrictive, you know, we all make mistakes. Maybe we made a mistake. I think it's more silent, is what I would argue, not more restrictive. Just so I understand it, Flores-Ortega does discuss the instance where there is a waiver of a right to appeal? Yes. And it still says there's a duty to consult? Correct. Okay. Thank you. I debated whether it was worth arguing before the court or mentioning before the court what the district court judge said. I think it's clear it's not worth reading. I would mention that at worst we would ask for a remand, and at worst we would ask for a new- At worst we would ask for a remand? Yes. Again, asking as that first alternative under Bostick if the court finds that there's enough evidence to find that counsel was ineffective, find that counsel was ineffective, and save that extra step of going back to the district court. It's been back there- We reach constitutional questions unless we have to. I mean, as a matter of- Why wouldn't an ice wanderer come into play? You're opening that up. Good point. What does my client want? What does he want to see happen? Well, hopefully not go back to this same district court judge more than anything else. You don't have anything in the record about- Did you even ask for that in your papers? I may have in the reply when talking about- You know the law. You have to ask for it in your- Yes, Your Honor. Can we go back to your worst case scenario, the remand? What is it you want on remand? It would have to be a remand for an evidentiary hearing on whatever this court feels has not been answered or for the district court judge- What do you think has not been answered? Because she testified that she would have gone back and talked to him about the possibility of appeal. That's her habit and practice, and she does it on a regular basis in every case. She testified about that, and the district court found- We argue in both of our briefs that there is enough there to find the counsel was ineffective. What is that? What is it that they should have gotten out at the district court that they did not? That's what the judge is asking you. I don't think there's anything, but I'm asking this court that if you find- Well, then the judge could decide it on the basis of the record. He could ask the parties if they have evidence to present, and if you say you don't have any, and if the government says it doesn't have any, then the court could decide the issue that you say has not been decided on the basis of the record. The remand could be simply, from that evidentiary hearing, address that question that you didn't- Why would we restrict somebody from not putting on additional evidence if they could come up with some? I'm not suggesting the court restrict it. No, you may have an expert or something. Correct. If you want to throw up there and try to explain the law. I don't know what- Normally, that might not be admissible either, but you might come up with something. I don't know. Your client may want to testify. Here's why the concern comes up. As soon as the evidentiary hearing gets to the point of talking about consulting, the judge is annoyed by defense counsels, habeas defense counsels, questioning and says, let's wrap this up. You're going into stuff that doesn't have anything to do with anything. Why are you asking these questions? When the assistant U.S. attorney- We might not do that if somebody had said, why don't we look at- all of us- look at the Supreme Court authority and Fourth Circuit authority on this issue. Let's inform ourselves of what the law is and then take it into account. I mean, nobody stood up and said that. Where were counsel? I mean, if the judge got the law wrong, both the lawyers have some obligation to say, Judge, I think you are misconstruing the applicable legal principles here. You're misunderstanding them. You're misapprehending them. We all ought to- I urge you to look at these cases, this glorious case of Judge O'Connor and all that stuff and see what it says and see what impacts on it. She actually talks about waivers. I mean, anyway, the lawyers dropped- maybe they dropped the ball, too. I wouldn't throw all this at the judge. Yes, Your Honor. I admit Ms. Berry did not cite- I mean, maybe you were afraid of her. I mean, I don't know. I don't- but you have an obligation to try to get it right, both lawyers do, before it comes up here. I think Ms. Berry did- Don't blame the judge for all of it. Yes, Your Honor. I think Ms. Berry did a pretty good job of saying, I don't think that's the law, Your Honor. In the transcript, about 333, she did not cite Flores Ortega. That's true. The government didn't say a word about it. I mean, all the lawyers in the courtroom could read the Supreme Court cases on this and find them, probably, in 30 seconds on their iPads. Can we go back to Judge Thacker's question for just a minute? Because I didn't think it was quite the same as the- I didn't think the answer directly met the question. The Supreme Court said that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when either a rational defendant would want to appeal- for example, there's a non-frivolous ground for appeal- or this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Okay, so which basis do you think is here? It's the second one. I think it's that second prong. And you think there is evidence in the record in front of the district court that he was presented with a defendant that was interested in appealing? Mr. Gonzalez testified that after seeing the PSR, he told trial counsel he wanted to appeal because she had lied to him about the sentence. He testified that her response was, you can't appeal, but then he continues to seek that. He testifies that he- So you don't- what I was really getting at is you don't claim there's a non-frivolous grounds for appeal. That's not the basis for the consultation. No, Your Honor. Okay. And if I didn't answer that earlier, I apologize. No, I just- maybe you did, but I didn't quite- He testified that he had a fellow inmate write a letter because he had wanted to see his attorney in chambers. She didn't come. He sent the letter. The purpose of the letter was say, come see me. I want to talk to you about an appeal. The word appeal was not in that letter. That's clear from the record, but his purpose in sending that letter is clear. And I think this court's- In the court's order, the court found that after hearing the testimony of both counsel and Mr. Gonzalez, in light of Ms. Aguirre's testimony and Mr. Gonzalez's failure to present any evidence to the contrary, the court found that Mr. Gonzalez did not make an unequivocal request to counsel to notice a direct appeal. The court considered all of that and concluded- That's asking a direct request for an appeal, not would she have known, having heard him, that he wanted to appeal, so go see him after sentencing hearing in the box or go see him in the lockup two floors down or wherever it is. And that's when she testified she would have done that as her regular habit and practice. That's what she does is go back and talk to her clients about that. But when directly asked, she says, no, I did not- She didn't say no. She says, I do not have a direct recollection because it was a decade ago. But I thought your argument lied in the fact that the district court seemed to think that there was not a direct request for appeal and Flores Ortega seems to have something less than a direct request for appeal triggering this right to consult, this duty to consult. Right. A reasonable attorney getting that feeling, I better go talk to this guy. Well, I think you're doing yourself in, not going to talk to a reasonable attorney demonstrating some- a client demonstrating to the counsel that he was interested. There's nothing about going and talking. There's nothing about whatever, what is demonstrating. So that's what it is. It's not any more than that. And you need to trigger this. I think we understand your position. Do you have something more? I was just going to say when directly asked whether she went and discussed the advantages and disadvantages, her answer was she would not have discussed that in any detail as far as going on as if to qualify that answer, cutting herself off and saying no. Thank you. Thank you very much. I think there are some- are there some seats left in front? Are there some- there's people outside that are clawing to get in in some fashion. Are there- can people kind of move over, you know, like church? That will make room for people. I don't know if they're trying to get in or just curious. They don't usually crawl crowd. No, we don't usually crawl crowd. They must have mistaken us for somebody else. Okay. Good morning, Your Honor. Good morning. May it please the court. Seth Wood on behalf of the United States. The parties do agree the district court did not directly address consultation in the written order. And the parties agree that we have jurisdiction. Yes, we do agree to that. And so the question is, is the record presented in that April 2012 evidentiary hearing sufficient for this court to affirm the overall outcome of this case, namely denying the defendant's claim here? We argue that the evidence presented in the April 2012 hearing shows two things. First, that counsel did make an attempt to consult- did consult with her client regarding an appeal. But what about the fact the court didn't address it, you said? Right. I mean, if that's determinative for this court, then it's going to need to remand it back for further fact finding or findings by the district court. But this court can affirm- But you want us to address what was not addressed in the district court. Right. You recognize the district court didn't address it? Yes, Your Honor. We do recognize it. And do you espouse the views that the district court had about appeal waivers? No. No. I mean, the written order of the court talking about Poindexter, that's correct. The fact that you have an appeal waiver obviously doesn't obviate your duty to file a notice of appeal if you're instructed to do so. That's the direct appeal line of things. As to consultation, as Your Honor read from Flores Ortega, there's an obligation to consult- best practices to consult every time, but there's a constitutional obligation to consult in those two circumstances Your Honor talked about. Is it the practice in that district not to tell counsel after they've fled that they have a right to appeal? I didn't do a full on read through that district court judge's opinions on that. You didn't do a full read on the record in this case? No, no. I did a read on the record. I'm sorry. Well, you saw what's in the record. Correct. Now I'm asking you if that is the practice in the district. Does that mean yes? No, Your Honor. I'm saying as to all the other district judges the answer is no. That's not in the practice. No. You don't have to tell us the judge's name. Okay. The general practice for most of the judges is to always say you have a right to an appeal. You got an appeal waiver here. That may ultimately make your appeal unsuccessful, but you've got a right. In this case, this district court did not apprise Mr. Gonzales. This plea agreement had an exception in it then. For ineffective assistance or prosecutorial misconduct not known at the time of the guilty plea. Which is ineffective assistance, one of the things he's talking about. Right. That allows the petitioner. That's the issue. He wants us to decide on appeal. He wants us to decide the ineffective assistance claim, and you want us to decide the consultation, whether it's tied into it.  Why did not the lawyers do something at the hearing? Stand up and say, I've got this case from the Supreme Court that seems to inform what we're doing here. Maybe we all ought to look at it. What's your answer to that? Does the government not have any obligation in this regard? The better practice would have been to raise the case, obviously. But the defense counsel did stand her ground. I think, I'm pretty sure the memorandum that she filed prior to the hearing mentions Flores-Ortega as well. The fact that the record in this case is pretty robust in terms of answering the questions that one has to go through in terms of the consultation claim indicates that there was some knowledge on the part of the counsel to try to kind of address these issues. Did you handle the case below? No, Your Honor, I did not. Did the Assistant United States Attorneys meet to discuss cases that are in the court as they do in Maryland? You mean after the fact, in other words? Oh, I see. Not always, but sometimes. It might be a good idea to kind of spread the word. Because one often does read the record, but the district courts are busy and they don't reach something, and you want to be sure it's okay for appeal that the government comes up with the argument. Right. And we are – our office has made an effort to try to centralize the collateral matters into one section. And so we are aware of this situation. We're aware of the consultation. This would come any time. Sure. There was an appeal waiver, and there are often appeal waivers. Sure. If I could – and we argued that there was consultation, and that's in our brief. If I could address more directly the defendant's argument regarding the appealing, the only evidence that was presented on that point is the claim that he told his attorney to file a notice of appeal. Well, that's pretty strong. Well, right. But that goes – the point that we're trying to make is that that really is about – that's about the failure to file a directed appeal. That's – it's over in this column. It's not really – No, no, no. It's also a basis for thinking that a particular defendant reasonably demonstrated to counsel that he was interested in appealing. And that triggers the duty to consult, says the Supreme Court. Right. If this court – right. If the court views it as conceivably doing either, then it's just a question of whether there was a consultation, at least in terms of sending it back. Obviously, at this point there would be a difference in fact, a dispute of fact here because Ms. Aguirre, of course, testified that she would have met, through the – pursuant to her habits and practices, would have talked through the defendant's right to talk. Refresh my recollection. I thought that that was in answer to if he requested that you file an appeal, you would have done it. Was she asked if he indicated some interest in an appeal, which apparently is all the Supreme Court requires, that she would have consulted with him? I don't know that she was directly asked that question. That's fair. She may be asked that question on remand. Right. So maybe you need a little bit of testimony, a little more testimony. Right. Judge Mott's helping you out here. Right. Did any of you all think about when you get ready for this thing, confess an error and ask us to remand it and send it back for further proceeding? Right. We wouldn't have – we've got a lot of people. We get 5,000 cases a year. A lot of them want arguments, and some deserve it a lot. I understand. And this may not deserve it as much as some of the others. I understand. We looked at the record, and I understand that there may be a difference of opinion of what the record shows. In our mind, the record is sufficient to support a finding that there was consultation, or alternatively there wasn't an obligation to consult, and that's why we're here to argue that point. Right. To answer Your Honor's question, if this court were to determine that there was an error and that there is additional – something needs to happen, our preferred outcome would be a remand for the district court to consider the matter. You're not confessing an error today. No, Your Honor, we're not. Even though you say that you acknowledge that the court didn't – that there was no consultation. We're not – The court didn't address the consultation issue. The court did not address consultation. Our entire argument on that is that this court can affirm for any basis in the record, and we're trying to say that this record has enough to support a favorable finding for us on the consultation claim. If the court disagrees, then that's fine. Then we'll take the remand.  Thank you, Your Honor. Your Honors, we would respectfully submit that what the government has pointed to as, quote, sufficient consultation isn't what Flores-Bortega is talking about at all. This was after an indictment, before a guilty plea, talking about the two different directions a case can go. The analogy the trial counsel made was there's a train, we're going to go down cooperation or we're going to go down trial. That's not sufficient consultation about whether to appeal. Again, when asked disadvantages and advantages of appealing, did you ask that question? Although she tries to skirt it for a second, she ends up admitting no. When it comes to evidence that Mr. Gonzales would have appealed, what this court said in Frazier applies, quote, tenacity in pursuing habeas relief, end quote, is relevant and weighed in the defendant's favor toward prejudice. For these reasons, we again ask that if the court finds it can do so on the record, find the counsel as ineffective, otherwise remand, either for an evidentiary hearing if the court feels those facts are insufficient to make a ruling one way or another, or for a decision simply based upon the evidentiary hearing that's already occurred addressing consultation. Who wrote that Frazier case? Judge Duncan. Sorry, I've got it back there. Thank you, Your Honor. Okay, we will come down and greet the lawyers and then go directly to our next case. Sir, I understand you're court appointed, is that correct? We very much appreciate your efforts. We couldn't get along without court appointed lawyers. We very much appreciate it.
judges: Diana Gribbon Motz, Robert B. King, Stephanie D. Thacker